1 | LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
2 | 715 South Victory Blvd.
Burbank, CA 91502
3 | (818) 478-2822 (Office)
(818) 436-5966 (Fax)
4 | e-mail: ldell@louisdell.com

5

Attorney for Plaintiff,
6 | MELODY L. COCHRAN

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELODY L. COCHRAN, | CASE NO. |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |
| THE BANK OF NEW YORK MELLON TRUST COMPANY N.A., | |
| WESTERN PROGRESSIVE, LLC, | |
| OCWEN LOAN SERVICING, LLC, | |
| and DOES 1-10 inclusive, | |
| Defendants. | |

-1-

**Complaint for Damages and  Demand for Jury Trial**

1   Plaintiff, MELODY L. COCHRAN, by his attorney, states as follows:

2   **INTRODUCTION**

3   1.    Plaintiff brings this action to challenge the actions of the defendants with

4   regard to attempts by them to unlawfully and abusively collect a debt allegedly owed

5   by the plaintiff. The actions of each defendant as further described in this Complaint

6   caused the plaintiff to suffer damages.

7   2.    This is an action for damages, attorney fees and costs brought pursuant to the

8   Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.]; pursuant to

9   the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal.

10   Civ. Code § 1788, *et. seq.*] each of which prohibits debt collectors from engaging in

11   abusive, deceptive and unfair practices.

12   3.    The FDCPA was enacted "to eliminate abusive debt collection practices by

13   debt collectors" in addition to ensuring that "those debt collectors who refrain from

14   abusive practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

15   Non-compliance with the regulations will subject the debt collector to liability. 15

16   U.S.C. § 1692k.

17   4.    The California Rosenthal Act was enacted in 1976 to ensure the integrity of

18   our banking and credit industry. Cal. Civ. Code § 1788.1(a)(i). The Legislature found

19   that unfair or deceptive debt collection practices undermine the public confidence

20   which is essential to the continued functioning of the banking and credit system and

21   sound extensions of credit to consumers.

22   5.    The California Unfair Practices Act (or Unfair Competition Law - UCL) Civ.

23   Code § 17200 et seq. was designed to protect competitors and consumers from illegal,

24   fraudulent, and "unfair" business practices. The reach of the UCL is broad and

25   imposing; "the Legislature apparently intended to permit courts to enjoin ongoing

26   wrongful business conduct in whatever context such activity might occur."

27   6.    Plaintiff makes these allegations on information and belief, with the

28   exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel,

-2-

**Complaint for Damages and  Demand for Jury Trial**

1  which the plaintiff alleges on personal knowledge.

2    7.    While many violations are described below with specificity, this complaint

3  alleges violations of the statutes cited in their entirety.

4    8.    Unless otherwise stated, the plaintiff alleges that any violations by the

5  defendants were knowing and intentional, and that Defendant did not maintain

6  procedures reasonably adapted to avoid any such violation.

7    9.    For the purpose of this Complaint, unless otherwise indicated, "defendant"

8  includes all agents, employees, officers, members, directors, heirs, successors,

9  assigns, principals, trustees, sureties, subrogees, representatives and insurers of the

10  defendant(s) named in this caption.

11                                    **JURISDICTION**

12    10.   This court has jurisdiction under the provisions of the FDCPA, 15 U.S.C. §

13  1692k(d) and supplemental jurisdiction over any state law claims asserted herein.

14                                      **PARTIES**

15    11.   Plaintiff, MELODY L. COCHRAN, is a natural person, and resides in the

16  State of California, County of Los Angeles.

17    12.   Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and is

18  entitled to protection under the Fair Debt Collection Practices Act.

19    13.   Plaintiff is a natural person from whom a debt collector sought to collect a

20  consumer debt which was due and owing or alleged to be due and owing from

21  Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

22  1788.2(h).

23    14.   Defendant, THE BANK OF NEW YORK MELLON TRUST COMPANY

24  N.A., ("BNYM") is a national banking association organized under the laws of the

25  United States.

26    15.   Defendant, WESTERN PROGRESSIVE, LLC, is a Delaware corporation

27  with its principle place of business in Atlanta, Georgia. On information and belief,

28  this defendant processes residential non-judicial foreclosures and defaulted loans on

**Complaint for Damages and  Demand for Jury Trial**

1   behalf of others.

2      16.   Defendant OCWEN LOAN SERVICING, LLC, is a Delaware corporation

3   with its principle place of business in West Palm Beach, Florida. On information and

4   belief, this defendant processes residential non-judicial foreclosures and defaulted

5   loans on behalf of others.

6      17.   Plaintiff is ignorant of the true names and capacities of defendants sued

7   herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such

8   fictitious names.  Plaintiff will amend this complaint to allege their true names and

9   capacities when ascertained. Plaintiff is informed and believes and thereon alleges

10   that each of the fictitiously named defendants is responsible in some manner to

11   plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were

12   proximately caused by their conduct. Any reference to a named defendant includes

13   reference to each of the Does 1 - 10 herein.

14      18.   At all times relevant, the defendants were attempting to collect or collecting a

15   debt within the definition of Title 15, United States Code, § 1692a(5) which means

16   any obligation or alleged obligation of a consumer to pay money arising out of a

17   transaction in which the money, property, insurance, or services which are the subject

18   of the transaction are primarily for personal, family, or household purposes, whether

19   or not such obligation has been reduced to judgment.

20      19.   Each defendant is a debt collector within the definition of Title 15, United

21   States Code, § 1692a in that it (1) uses any instrumentality of interstate commerce or

22   the mails in any business the principal purpose of which is the collection of any debts,

23   and/or, (2) this defendant regularly collects or attempts to collect, directly or

24   indirectly, debts owed or due or asserted to be owed or due another.

25      20.   Each defendant, in the ordinary course of business, regularly, on behalf of

26   itself, or others, engages in debt collection as that term is defined by California Civil

27   Code § l788.2(b), and is therefore a debt collector as that term is defined by

28   California Civil Code § 1788.2(c).

-4-

**Complaint for Damages and  Demand for Jury Trial**

21.  The alleged debt which each defendant attempted, and continues to attempt, to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § l788.2(f), in that it was incurred primarily for personal, family, or household purposes.

22.  At all times material, each defendant was the agent, servant, and employee of the other defendant, and, at all such times, was acting pursuant to and within the course and scope of such relationships.

### FACTUAL ALLEGATIONS

23.  At all material times between March 27, 1989 and the date hereof, Plaintiff has been and continues to be the lawful owner and actual and/or constructive possessor of the property located at 1526 North Ave. 50, Los Angeles, CA 90042, is more particularly described as follows:

> Lot 151 of Highland Park Addition #1, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page116 of map, in the Office of the County Recorder of said County.
> APN#5476-012-016

24.  Plaintiff obtained fee simple title to the property by a grant deed from her mother, Mary Cipolla, who has also remained in possession of the property, which deed is recorded March 27, 1989, as document number 89 468274 in the official records of Los Angeles County, California.

25.  On or about December 11, 1994, the plaintiff married William Bennett ("Bennett"). Around one year after her marriage, in 1996, the plaintiff became an unknowing victim of a home equity loan fraud scheme orchestrated by Bennett who, unbeknownst to her, was a white collar criminal who had previously been convicted of federal and state felonies and served time in prison.

26.  Bennett fraudulently used one or more persons unknown to transfer title of the property out of Plaintiff's name and into persons unknown using false identities and forgeries. The purpose behind these transfers were to obtain equity loans on the property, whereupon Bennett would use the loan proceeds for his own his benefit.

-5-

**Complaint for Damages and  Demand for Jury Trial**

The false identities used by persons unknown include: Michael Eugene LaPorte, Flair International, Inc., Byron McIntyre, and Juan D. Martinez. Ultimately, Bennett caused a forged grant deed to be recorded on April 2, 2003 as document number 03 0921724 in the official records of Los Angeles County, California., purporting to convey the property from Juan D. Martinez to an actual person whose true name is Anthony H. Delonay.

27.   Notwithstanding that Anthony H. Delonay's title and that of his predecessors-in-interest was void, Anthony H. Delonay purportedly executed two notes and deeds of trust to obtain loans on the property. The two deeds of trust were in favor of GreenPoint Mortgage Funding, Inc., in the sums of $312,000 and $58,500, respectively. The deed of trust for $312,000 was dated October 8, 2003 and was recorded on October 21, 2003 as document number 03 3136096. The deed of trust for $58,500 was dated October 10, 2003 and was recorded on October 21, 2003 as document number 03 3136097. The deeds of trust were secured upon void title and are therefore unenforceable.

28.   On September 21, 2006, the plaintiff filed a lawsuit against Anthony Delonay, Greenpoint Mortgage Funding, Inc., and nominees to the deeds of trust. The case is styled *Cochran v. Delonay, et. al., LASC*, Case no. BC 358936. The lawsuit sought, among other things, to quiet title the property and to cancel the grant deed to Anthony H. Delonay as well as the deeds of trust signed by him in favor of GreenPoint Mortgage Funding, Inc.

29.   The final judgment was entered on December 7, 2011, in the above case wherein it was ordered, adjudged, and decreed that Anthony H. Delonay's title is void and he has no past, present or future estate, right title, interest, or claim in or to the property, or any part of the property, either legal or equitable, vested or contingent.

30.   The final judgment which finds that Anthony H. Delonay's interest in the property is void, nullified any claim or interest on the part of Greenpoint Mortgage Funding, Inc.

**Complaint for Damages and  Demand for Jury Trial**

31.   An assignment of the deeds of trust purports to convey to defendant BNYM, all beneficial interest under the deeds of trust. The deeds of trust are secured upon void title and are therefore unenforceable.

32.   Plaintiff is informed and believes that defendant WESTERN PROGRESSIVE, LLC is the successor trustee under the deeds of trust.

33.   Plaintiff is informed and believes that defendant OCWEN LOAN SERVICING, LLC, is the successor beneficiary under the deeds of trust.

34.   The defendants recorded an assignment of deed of trust, recorded on May 8, 2012, as document number 20120687356, purporting to convey to defendant BNYM, all beneficial interest under the deed of trust for $312,000, dated October 8, 2003, and recorded on October 21, 2003 as document number 03 3136096.

35.   There is a reasonable apprehension that the aforesaid instruments may cause serious injury to the plaintiff in that each has been recorded in the office of the county recorder.

36.   At the time of the deeds of trust were transferred, assigned, or set over to the defendants, the loans secured by the deeds of trust were in default.

37.   After the judgment was entered the plaintiff began receiving collection letters from the defendants.

38.   On or about September 2014, the plaintiff received a collection letter addressed to her from defendant WESTERN PROGRESSIVE, LLC, acting for itself and as agent for the co-defendants. This collection letter contained a "Notice of Default and Election to Sell Under Deed of Trust." The letter contained a "Debt Validation" notice which demanded $401,823.38 as of September 3, 2014, and other related charges and fees. The defendants threatened to sell the property without any court action. The collection letter stated "We are attempting to collect a debt, and any information we obtain will be used for that purpose."

39.   On or about September 2014, the plaintiff received a collection letter addressed to Juan Martinez (sent to the property address and received by Melody

**Complaint for Damages and  Demand for Jury Trial**

1 | Cochran) from defendant WESTERN PROGRESSIVE, LLC, acting for itself and as

2 | agent for the co-defendants. This collection letter contained a "Notice of Trustee

3 | Sale" and threatened to sell the property as early as December 30, 2014.

4 |     40.  On or about September 2014, the plaintiff received a collection letter

5 | addressed to Anthony Delonay (sent to the property address and received by Melody

6 | Cochran) from defendant WESTERN PROGRESSIVE, LLC, acting for itself and as

7 | agent for the co-defendants. This collection letter contained a "Notice of Trustee

8 | Sale" and threatened to sell the property as early as December 30, 2014.

9 |     41.  The action of each of the defendants violated the FDCPA and the Rosenthal

10 | Act as set forth in this complaint.

11 |     42.  As a direct and proximate result of all acts, omissions, and consequences

12 | thereof, the plaintiff has sustained statutory and actual damages including emotional

13 | distress and pecuniary loss, including:

14 |         a.    Statutory damages.

15 |         b.    Actual damages.

16 |         c.    Humiliation, frustration, emotional distress, anguish, fright, horror,

17 | nervousness, grief, anxiety, worry, shock, and shame.

18 |         d.    A cloud on her property which impairs her marketable title to the

19 | property.

20 |     43.  Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k,

21 | and Cal. Civ. Code § 1788.30.

22 | **FIRST CAUSE OF ACTION**

23 | **(FDCPA)**

24 |     44.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of

25 | this complaint.

26 |     45.  The recording of the assignment of the void deed of trust and the transmittal

27 | of the debt collection letters to the plaintiff violated the FDCPA.

28 |     46.  Plaintiff did not owe any of the loan or any related fees and costs. Each

**Complaint for Damages and  Demand for Jury Trial**

collection letter listed an incorrect and false amount of money owed by plaintiff to the defendants with the threat that her property would be sold if the debt was not paid. The foregoing acts and omissions on the part of each defendant constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to:

a.    The debt collection letters were deceptive and a false representation of the character and amount of money owed by the plaintiff to the defendants. The defendants false representation that the property would be sold was a threat that it did not intend to take. (15 U.S.C. § 1692e(2))

b.    The debt collection letters and the recording of the assignment of the deed of trust each threatened or implied that the plaintiff's property would be sold without notice or foreclosed upon when the defendants either had no right to right, title, or interest in the property and therefore had no legal basis upon which to make such threats or take such acts. (15 U.S.C. § 1692e(5))

c.    Each of the acts described above violated FDCPA, 15 U.S.C. § 1692e(10) as being false or deceptive representations or means to collect or attempt to collect any debt.

d.    Each of the acts described above violated FDCPA, 15 U.S.C. § 1692f(1) as being unfair or unconscionable means to collect or attempt to collect any debt.

e.    Each of the acts described above violated FDCPA, 15 U.S.C. § 1692d which prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

47.  Each of the acts described above constitute continuing violations under the FDCPA which still continue.

48.  Each of the defendants' acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

49.  The defendants are liable to plaintiff for each and every violation described in this complaint under Federal law Title 15, United States Code § 1692k.

**Complaint for Damages and  Demand for Jury Trial**

## SECOND CAUSE OF ACTION

### (California Rosenthal Act)

50.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 49 of this complaint.

51.  Because each of the above actions violated the language the FDCPA, the each defendant's actions also violated Cal. Civ. Code § 1788.17 as it incorporates the FDCPA.

52.  The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 *et. seq*.

53.  Each of the acts described above constitute continuing violations under the FDCPA which still continue.

54.  Each of the defendants' acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

55.  Each of the defendants is liable to plaintiff for each and every violation described in this complaint under Cal. Civ. Code § 1788.30.

## THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code Sections 17200, et seq. – Unfair Business Practices Act)

56.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 55 of this complaint.

57.  The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

58.  Each defendant's unlawful, unfair, and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to violating FDCPA, 15 U.S.C. § 1692 *et seq*. and the California Rosenthal Act, Cal. Civ. Code § 1788 *et. seq*.

**Complaint for Damages and  Demand for Jury Trial**

59.  Plaintiff has been damaged by said practices. Pursuant to California Business and Professions Code §§ 17200 and 17203, Plaintiff seeks relief as prayed for below.

WHEREFORE, the plaintiff prays judgment in her favor against each defendant as follows:

### FOR THE FIRST CAUSE OF ACTION:

1.  Actual damages sustained by the plaintiff in an amount not less than $1,000,000;
2.  Statutory damages of no less than $1,000 for each violation;
3.  Reasonable attorney fees;
4.  Costs of suit; and
5.  For such further relief as the court may deem just and equitable.

### FOR THE SECOND CAUSE OF ACTION:

1.  Actual damages sustained by the plaintiff in an amount not less than $1,000,000;
2.  Statutory damages of no less than $1,000 for each plaintiff;
3.  Reasonable attorney fees;
4.  Costs of suit; and
5.  For such further relief as the court may deem just and equitable.

### FOR THE THIRD CAUSE OF ACTION:

1.  For an order enjoining the defendants under California Business and Professions Code §§ 17203 and 17535 from taking any further action to sell or foreclose on the property or take any other action with respect to the property declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition.
2.  For an order that the defendants cease engaging in false dissemination of information to the plaintiff concerning the property and to correct each of their misrepresentations and material omissions.

-11-

**Complaint for Damages and  Demand for Jury Trial**

3.   For an order that the defendants disgorge all profits and compensation improperly obtained as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated:  April 29, 2015                    LAW OFFICE OF LOUIS P. DELL

                                          */s/ Louis P. Dell*
                                          Louis P. Dell, Esq.
                                          Attorney for Plaintiff,
                                          MELODY L. COCHRAN

-12-

**Complaint for Damages and  Demand for Jury Trial**