1  ERIC D. HOUSER (SBN 130079)
2  STEVE W. PORNBIDA (SBN 248359)
   HOUSER & ALLISON
3  A Professional Corporation
4  3780 Kilroy Airport Way, Suite 130
   Long Beach, California  90806
5  Phone: (562) 256-1675
6  Fax: (562) 256-1685
   Email: spornbida@houser-law.com
7
8  Attorneys for Defendants OCWEN LOAN SERVICING, LLC; THE BANK OF
   NEW YORK MELLON, AS SUCCESSOR TO JPMORGAN CHASE BANK,
9  AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST
10 2003-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-6
   (erroneously named as The Bank of New York Mellon Trust Company, N.A.);
11 and  WESTERN  PROGRESSIVE  TRUSTEE,  LLC  dba  WESTERN
   PROGRESSIVE, LLC
12

13              **UNITED STATES DISTRICT COURT**
14
              **CENTRAL DISTRICT OF CALIFORNIA**
15

16 MELODY L. COCHRAN,                        | Case No.: 2:15-CV-03209-GHK (JCx)
                                              Hon. George H. King
17      Plaintiff,

18      vs.                                   **NOTICE OF MOTION AND
                                              MOTION TO DISMISS BY
19 THE BANK OF NEW YORK                       DEFENDANTS; MEMORANDUM
20 MELLON TRUST COMPANY, N.A.,                OF POINTS AND AUTHORITIES
   WESTERN PROGRESSIVE, LLC,                  IN SUPPORT THEREOF**
21 OCWEN LOAN SERVICING, LLC,
   ALL PERSONS UNKNOWN,                       **[Request for Judicial Notice filed
22 CLAIMING ANY LEGAL TITLE,                  concurrently herewith]**
   ESTATE, LIEN, OR INTEREST IN
23 THE PROPERTY DESCRIBED IN
   THE COMPLAINT ADVERSE TO                   **Date:       July 27, 2015**
24 PLAINTIFF'S TITLE, OR ANY                  **Time:       9:30 a.m**
   CLOUD ON PLAINTIFF'S TITLE                 **Ctrm:       650**
25 THERETO; and DOES 1-100,
26 INCLUSIVE,

27
        Defendants.
28

---

NOTICE OF MOTION AND MOTION TO DISMISS
1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on July 27, 2015, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 650 of the above-entitled Court located at 255 East Temple Street Los Angeles, CA 90012, defendants, OCWEN LOAN SERVICING, LLC ("Ocwen"), THE BANK OF NEW YORK MELLON, AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2003-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-6 (the "Trust"), and WESTERN PROGRESSIVE TRUSTEE, LLC dba WESTERN PROGRESSIVE, LLC ("Western Progressive")(collectively "Defendants") will and hereby do move this Court to dismiss the Complaint of Plaintiff, MELODY L. COCHRAN.

This Motion is made and based upon Federal Rule of Civil Procedure 12(b)(6) and on the grounds that the claims contained in Plaintiff's Complaint fails to state a claim upon which relief can be granted.

This motion is being made after conclusion of Meet and Confer efforts with Plaintiff's Counsel, which commenced on June 5, 2015 pursuant to L.R. 7-3, seeking to discuss the substance of this contemplated motion and any potential for resolution.  To date, no such resolution has been reached.

///
///
///

1       This Motion is based upon this Notice of Motion, the Memorandum of
2   Points and Authorities, and upon all pleadings, papers, and documents on file
3   herein, as well as any oral argument which may be presented at the time of the
4   hearing or any matters of which judicial notice is requested and/or taken.
5
6   DATED:  June 15, 2015                    HOUSER & ALLISON, APC
7
8                                       */s/  Steve W. Pornbida*
                                    Steve W. Pornbida, Esq.,
9                                       Attorneys for Defendants,
                                    OCWEN LOAN SERVICING, LLC; THE
10                                      BANK OF NEW YORK MELLON, AS
                                    SUCCESSOR TO JPMORGAN CHASE
11                                      BANK, AS TRUSTEE FOR MASTR
                                    ADJUSTABLE RATE MORTGAGES
12                                      TRUST 2003-6 MORTGAGE PASS-
                                    THROUGH CERTIFICATES, SERIES
13                                      2003-6; and WESTERN PROGRESSIVE
14                                      TRUSTEE, LLC dba WESTERN
                                    PROGRESSIVE, LLC
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITES**

**I.    INTRODUCTION**

This is a case where Melody L. Cochran ("Plaintiff"), brought Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claims because she received preforeclosure notices. Plaintiff holds title to real property located at 1526 North Ave 50, Los Angeles CA 90042 (the "Property").   The Property has a lien which was secured as a result of a 2003 loan to Anthony Delonay (the "Borrower") in the amount of $312,000 (the "Loan") who held title at the time.  Plaintiff challenges the validity of the lien because she claims the Loan was fraudulent as a result of her ex-husband transferring title through a series of transactions.

In 2006, Plaintiff filed a prior lawsuit in the Los Angeles Superior Court Case No. BC358936 (the "2006 Case").  Plaintiff alleges (Complaint ¶30) that a judgement entered on December 7, 2011 in the 2006 Case voided the current lien interest of The Bank Of New York Mellon, As Successor To JPMorgan Chase Bank, As Trustee For Mastr Adjustable Rate Mortgages Trust 2003-6 Mortgage Pass-Through Certificates, Series 2003-6 (the "Trust").   However, Plaintiff is apparently relying on a portion of the judgment that was stricken by the Judge in the 2006 Case, and ***not*** entered.  As such, the lien remains in place.

The statutorily-required preforeclosure notices have been sent by Western Progressive Trustee, LLC dba Western Progressive, LLC ("Western Progressive"),  Ocwen Loan Servicing, LLC ("Ocwen"),  and  the  Trust (collectively "Defendants") because the Loan is in default.

Further, the FDCPA and RFDCPA do not apply to foreclosure notices because Defendants are not debt collectors under the acts and enforcing a security interest on behalf of a creditor is not considered debt collection.  As such, this motion to dismiss should be granted.

///

---

MOTION AND MOTION TO DISMISS

1

## II.   FACTUAL BACKGROUND

Plaintiff concedes that she married William Bennett ("Bennett") in 1994, and that in 1996 Bennett began transferring the Property through a series of transactions to obtain loans and take out equity.   The Property was eventually transferred to the Borrower (Delonay) in 2003.   Delonay, then obtained the Loan for $312,000 in October of 2003, and secured it against the Property via a Deed of Trust. *See* Request for Judicial Notice ("RJN") **Exhibit 1**.   The Borrower defaulted on the Loan via nonpayment.   Plaintiff filed her prior Los Angeles Superior Court Case No. BC358936 in 2006 (the 2006 Case). RJN **Exhibit 2**. Judgment in the 2006 Case indicates that "Plaintiff's action on her complaint is barred by the statute of limitations and judgment thereon is against the plaintiff and in favor of the defendants." RJN **Exhibit 3**.

On May 8, 2012, an Assignment of the Deed of Trust was recorded in favor of the Defendant Trust.   RJN **Exhibit 4**.   A Substitution of Trustee was subsequently recorded on July 16, 2014 designating Defendant Western Progressive as the trustee under the Deed of Trust.   RJN **Exhibit 5**.   Since the Loan remained in default, on September 10, 2014, a Notice of Default was recorded against the Property.   RJN **Exhibit 6**.

## III.   ANALYSIS

### A.   Plaintiff's FDCPA Claim Fails Because Defendants are Not Debt Collectors, and the Acts Alleged Are Not Debt Collection

Plaintiff alleges the recording of an Assignment of the Deed of Trust, and transmittal of required preforeclosure correspondence violated the FDCPA, however, the lien was not invalidated by the prior judgment and the communications at issue do not seek to collect a debt from the Plaintiff.   In order to establish a claim under the FDCPA, the facts as alleged must show that the defendant was a "debt collector" as defined by the Act, that the challenged conduct constituted "debt collection," and that the debt collection actions violated

a provision of the Act. See, e.g., *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995). "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  The term "consumer" means any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

Plaintiff concedes (Complaint ¶31) that the Trust is the current assignee of all beneficial interest under the Deed of Trust, therefore the Trust is the creditor to whom the Loan is owed and would not be a "debt collector" within the meaning of the FDCPA.  A creditor attempting to collect on debt it owns is not a debt collector. *Valdez v. America's Wholesale Lender*, 2009 WL 5114305, at \*25–26 (N.D.Cal. Dec. 18, 2009) (defendant mortgage company's efforts to collect its own debt does not make defendant a 'debt collector' under the FDCPA); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir.2009) ("a 'creditor' is not a 'debt collector' under the FDCPA"); *Zhuravlev v. BAC Home Loans Servicing, LP*, 2010 WL 2873253, at \*2 (N.D.Cal. July 20, 2010) (a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned). Nor is a mortgage servicing company ... a debt collector within the meaning of the FDCPA. *Reyes–Aguilar v. Bank of America, N.A.*, 2014 WL 2917049, at \*10 (N.D.Cal. June 24, 2014); *Caballero v. Ocwen Loan Servicing, LLC*, 2009 WL 1528128, at \*1 (N.D.Cal. May 29, 2009) (loan servicer was not "debt collector" under FDCPA); *Jelsing v. MIT Lending*, 2010 WL 2731470, at \*5 (S.D.Cal. July 9, 2010) ("[a] mortgage servicing company is not a debt collector within the meaning of the FDCPA"); *Perry v. Stewart Title Co.*, 756 F.2d 1197 1208 (1985); *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 172 (3rd Cir.2007).  Additionally, the overwhelming majority of

MOTION AND MOTION TO DISMISS

3

1   courts within the Ninth Circuit have concluded that nonjudicial foreclosures do

2   not constitute debt collection under the FDCPA. *Ligon v. JP Morgan Chase*

3   *Bank*, 2011 WL 2550836, at *3 (N.D.Cal. June 27, 2011) (collecting cases).

4           Here, the relevant communications – a Notice of Default and Notice of

5   Trustee's Sale – are required by California's comprehensive framework for the

6   regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained

7   in a deed of trust.   Plaintiff has conceded (Complaint ¶31) that the Trust is holder

8   of all beneficial interest under the Deed of Trust, and therefore the creditor in the

9   context of the subject foreclosure, not a debt collector under the FDCPA.

10  Further, the Trust and Ocwen (as its loan servicer) are not seeking to collect on

11  the debt or because nonjudicial foreclosures do not constitute debt collection

12  under the FDCPA.

13          Further, the communications Plaintiff attributes to Western Progressive as

14  a trustee under the Deed of Trust are outside the scope of the FDCPA, and

15  privileged. Foreclosure by the trustee is not the enforcement of the obligation

16  because it is not an attempt to collect funds from the debtor.  *Hulse v. Ocwen*

17  *Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (actions "in pursuit

18  of the actual foreclosure may not be challenged as FDCPA violations").   Civil

19  Code section 2924(d) renders the "mailing, publication, and delivery" of

20  foreclosure notices and "performance" of foreclosure procedures under

21  California Civil Code Section 47 as "privileged communications."  California

22  Civil Code § 2924.  The Notice of Default and Notice of Trustee Sale documents

23  are specifically required for foreclosure.    Therefore this claim should be

24  dismissed as a matter of law.

25  ///

26  ///

27  ///

28  ///

**B.    Plaintiff's    RFDCPA    Claim    Fails    Because    Nonjudicial    Foreclosure Is Not Debt Collection**

Plaintiff incorrectly argues that her receipt of communications giving notice of the foreclosure proceedings of a lien that has not been removed from title to the Property is harassment under the RFDCPA.  However, "[t]he law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA." *Collins v. Power Default Servs., Inc.*, 2010 WL 234902 *3 (N.D.Cal. Jan. 14, 2010) (collecting numerous cases). "[F]oreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA." *Castaneda v. Saxon Mortgage Servs., Inc.*, 687 F.Supp.2d 1191, 1197 (E.D.Cal.2009); *Gonzalez v. First Franklin Loan Servs.*, 2010 WL 144862, at *7 (E.D.Cal. Jan. 11, 2010)("[F]oreclosure related actions ... do not implicate the RFDCPA.");  *Lal v. American Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D.Cal.2010); *Izenberg v. ETS Servs.*, LLC, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008).   Further, courts in this Circuit have also concluded that in mirroring certain provisions of the Federal Debt Collection Practices Act, a mortgage servicing company or any assignee of the debt is not considered a "debt collector" under the RFDCPA. *Lal*, *supra* at 1224 (citing *Nool v. HomEq Servicing*, 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009); *Olivier v. NDEX West, LLC*, 2009 WL 2486314 *3 (E.D.Cal. Aug.10, 2009); *Cordova v. America's Servicing Co., No.*, 2009 WL 1814592, at *2 (N.D.Cal. June 24, 2009).

Here, the lien has not been voided or invalidated.  Therefore, foreclosure, as described, is appropriate and does not constitute a violation of the RFDCPA.  Nor can Plaintiff manufacture a RFDCPA violation by reference to perceived FDCPA violations.   The conduct of which Plaintiff complains concerns foreclosure-related actions in connection with a residential mortgage secured against the Property by the Borrower. This conduct is not covered by the RFDCPA. For this reason, Plaintiff's RFDCPA claim is subject to dismissal.

C.   **Plaintiff's Business and Professions Code Section 17200 Claim Fails Because Defendants Have Not Engaged in Any Unlawful Fraudulent, or Unfair Activities as a Matter of Law**

Plaintiff's third cause of action is for violation of Business and Professions Code section17200 ("Section 17200") and on the basis of Defendants' alleged breach of the FDCPA and RFDCPA.  The purpose of Section 17200, "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002).  Generally, Section 17200 "prohibits unlawful, unfair, or fraudulent business acts or practices." *Business & Professions Code* §17200. "A cause of action under this section must be based on some predicate act" that violates some other statute or is otherwise unfair or fraudulent. *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163 (1999).  "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation [under section 17200]." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).  The viability of a Section 17200 claim hinges on an underlying statutory claim, where those claims are not valid, no Section 17200 claim survives.  *Whiteside v Tenet Healthcare Corp.*, 101 Cal.App.4th 639, 706 (2002); *Ingels v Westwood One Broadcasting Services, Inc.*, 129 Cal.App.4th 164, 178 (2005).

As set forth *supra*, Plaintiff is incorrect about the applicability of the FDCPA and RFDCPA in the current context.  Plaintiff's Section 17200 claim relies entirely on the purported statutory violations, which are insufficient. Therefore, Plaintiff's Section 17200 claim fails as a matter of law and it should be dismissed.

///

///

///

---

MOTION AND MOTION TO DISMISS

6

1

## IV.  **CONCLUSION**

2      Plaintiff fails to plead facts sufficient to state any claim against Defendants

3  for which relief can be granted.   Further, the claims cannot be reasonably

4  amended to correct the deficiencies.   As such, Defendants' Motion to Dismiss

5  Plaintiff's Complaint should be granted in its entirety with prejudice.

6

7  DATED:  June 15, 2015                    HOUSER & ALLISON, APC

8

9                                    */s/  Steve W. Pornbida*

10                                   Steve W. Pornbida, Esq.,
                                     Attorneys for Defendants,

11                                   OCWEN LOAN SERVICING, LLC; THE
                                     BANK OF NEW YORK MELLON, AS

12                                   SUCCESSOR TO JPMORGAN CHASE
                                     BANK, AS TRUSTEE FOR MASTR

13                                   ADJUSTABLE RATE MORTGAGES
                                     TRUST 2003-6 MORTGAGE PASS-

14                                   THROUGH CERTIFICATES, SERIES
                                     2003-6; and WESTERN PROGRESSIVE

15                                   TRUSTEE, LLC dba WESTERN
                                     PROGRESSIVE, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION AND MOTION TO DISMISS
7