1  LOUIS P. DELL, ESQ. (SBN 164830)
   LAW OFFICE OF LOUIS P. DELL
2  715 South Victory Blvd.
   Burbank, CA 91502
3  (818) 478-2822 (Office)
   (818) 436-5966 (Fax)
4  e-mail: ldell@louisdell.com

5
   Attorney for Plaintiff,
6  MELODY L. COCHRAN

7

8

9
                IN THE UNITED STATES DISTRICT COURT FOR THE
10
                     CENTRAL DISTRICT OF CALIFORNIA
11

12  MELODY L. COCHRAN,            )   CASE NO. 15-cv03209-GBK (JCx)
                                  )
13              Plaintiffs,       )
                                  )   PLAINTIFF'S OPPOSITION TO
14        vs.                     )   DEFENDANTS' MOTION TO
                                  )   DISMISS COMPLAINT;
15  THE BANK OF NEW YORK          )
    MELLON TRUST COMPANY          )
16  N.A.,                         )   MEMORANDUM OF POINTS AND
                                  )   AUTHORITIES
17  WESTERN PROGRESSIVE,          )
    LLC,                          )
18                                )
    OCWEN LOAN SERVICING,         )
19  LLC,                          )
                                  )
20  and DOES 1-10 inclusive,      )
                                  )   Date:  July 27, 2015
21              Defendants.       )   Time:  9:30 a.m.
    _____)   Ctrm:  650 (Roybal)

-1-

**Opposition to Motion to Dismiss Complaint**

TO THE COURT AND TO ALL PARTIES OF RECORD:

The plaintiff Melody L. Cochran hereby opposes the motion to dismiss filed by defendants the Bank of New York Mellon Trust Company N.A., Western Progressive, LLC, and Ocwen Loan Servicing, LLC. This opposition is based upon the memorandum of points and authorities and the pleadings on file with the Court.

The court is requested to deny the motion to dismiss in full. The court is requested to permit the plaintiff to file a First Amended Complaint should any portion of the motion to dismiss be granted.

Dated:  July 5, 2015                                      LAW OFFICE OF LOUIS P. DELL

                                                          /s/ Louis P. Dell
                                                          Louis P. Dell, Esq.
                                                          Attorney for Plaintiff,
                                                          MELODY L. COCHRAN

**TABLE OF CONTENTS**

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Standard Governing Motions to Dismiss Under Rule 12(b)(6). . . . . . . . . . . . 1

Factual Summary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. "Debt Collector" for Purposes of the FDCPA. . . . . . . . . . . . . . . . . . . . . . . 3

        1. Direct Liability as Debt Collector. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2. Vicarious Liability for Debt Collection by Agent. . . . . . . . . . . . . . . . . 7

    B. Defendants Engaged in Debt Collection under Rosenthal Act. . . . . . . . . . . 8

    C. Unfair Business Practices Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Opposition to Motion to Dismiss Complaint**

# TABLE OF AUTHORITIES

## CASES

*BAC Home Loans Servicing, LP* 2010 WL 2873253].. . . . . . . . . . . . . . . . . . . . . . . 5

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696.. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336.. . . . . . . . . . . . . . . . . . . . . . 2, 5, 9

*Caron v. Charles E. Maxwell, P.C.,* 48 F.Supp.2d 932. . . . . . . . . . . . . . . . . . 7, 8

*Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162. . . . . . . . . . . . . 7

*Conley v. Gibson,* 355 U.S. 41. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*First Interstate Bank of Fort Collins v. Soucie,* 924 P.2d 1200. . . . . . . . . . . . . . 8

*Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507. . . . . . . . . . . . . . . . . . . . . . . . 7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542. . . . . . . . . 2

*Heintz v. Jenkins,* 514 U.S. 291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johnson v. Knowles,* 113 F.3d 1114. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Kizer v. Finance America Credit Corp.,* 454 F.Supp. 937. . . . . . . . . . . . . . . . . . 5

*Mier v. Owens,* 57 F.3d 747.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Newman v. Checkrite California,* 912 F.Supp. 1354. . . . . . . . . . . . . . . . . . . . . 7

*Perry v. Stewart Title Co.,* 756 F.2d 1197.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379.. . . . . . . . . . . . . . . . . . . . . 7, 8

*Romine v. Diversified Collection Servs.,* 155 F.3d 1142. . . . . . . . . . . . . . . . . . . 3

*Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977. . . . . . . . . . . . . . . . . . 2

*W. Mining Council v. Watt,* 643 F.2d 618.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUTES

15 U.S.C. § 1692, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

**STATE STATUTES**

Cal. Civ. Code § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Cal. Civ. Code §1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Introduction

This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Noncompliance with the regulations will subject the debt collector to liability and damages. 15 U.S.C. § 1692k. The plaintiffs seek money damages, attorney fees, and costs against each of the defendants. This lawsuit also alleges violations of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act or RFDCPA) and the Unfair Business Practices Act.

Legal Standard Governing Motions to Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6)[1] motion tests the legal sufficiency of the claims asserted in the complaint. A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also, e.g., Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997). Thus, a Rule 12(b)(6) dismissal is proper only where plaintiff "lack[s] ... a cognizable legal theory" or fails to allege "sufficient facts [to support] ... a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

In deciding a Rule 12(b)(6) motion to dismiss, the court generally looks only to

---

[1] The motion to dismiss fails to notify the plaintiff or the court whether it is made under Rule 12(b), its subparagraphs, or any other authority. The court should deny the motion on that basis. Out of an abundance of caution, the plaintiff sets forth here the legal standard for motions to dismiss under FRCP 12(b)(6) but does not waive this objection as the lack of proper notice.

-1-

**Opposition to Motion to Dismiss Complaint**

the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). The court must accept plaintiff's factual allegations as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir.1995). It need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

Factual Summary

In 1989 the plaintiff's mother deeded to her a piece of property located in Los Angeles. Five years later she married William Bennett who, unbeknownst to her, was a white collar criminal who had previously been convicted of federal and state felonies and served time in prison. Using false identities and forgeries, Bennett had the property transferred into a series of false identities or business associates. With each transfer Bennett would obtain equity loans secured against the property. The last person on title was Bennett's business associate, Anthony Delonay, who purportedly executed two notes and deeds of trust to obtain loans on the property. The two deeds of trust were in favor of GreenPoint Mortgage Funding, Inc., in the sums of $312,000 and $58,500, respectively. Since these deeds of trust were secured upon void title, they remain unenforceable. The plaintiff then brought a quiet title action against Delonay, Greenpoint Mortgage Funding, and others involved in the deeds of trust. (*Cochran v. Delonay, et. al.*, Los Angeles Superior Court Case no. BC 358936) The final judgment decreed that Delonay's title was void which nullified the deeds of trust held by Greenpoint Mortgage Funding. Deeds of trust secured upon void title are unenforceable.

The deeds of trust were then assigned to Bank of New York Mellon. Western Progressive is the successor trustee under the deeds of trust. Ocwen Loan Servicing is

**Opposition to Motion to Dismiss Complaint**

the successor beneficiary under the deeds of trust. These defendants recorded an assignment of deed of trust purporting to convey to defendant Bank of New York Mellon, all beneficial interest under one of the deeds of trust. **At the time the deeds of trust were transferred, assigned, or set over to the defendants, the loans secured by the deeds of trust were in default**. The defendants then sent the plaintiff several **debt collection letters** which contained a "Notice of Default and Election to Sell Under Deed of Trust" as well as a "**debt validation**" notice which **demanded $401,823.38** as of September 3, 2014, and other related charges and fees. The letter threatened to sell the property without any court action. The letter warned: "**We are attempting to collect a debt, and any information we obtain will be used for that purpose.**"

## ARGUMENT

The complaint alleges that each of the defendants is a "debt collector" as defined under the FDCPA and the RFDCPA. The defendants argue in their motion to dismiss that (1) they are not debt collectors under the FDCPA, and (2) that the RFDCPA does not apply because nonjudicial foreclosure is not debt collection.  The defendants are wrong for multiple reasons.

A.  <u>"Debt Collector" for Purposes of the FDCPA</u>

<u>1. Direct Liability as Debt Collector</u>

To be held directly liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of "debt collector." See *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); see also, e.g., *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir.1998). The FDCPA defines "debt collector," in pertinent part, as

> "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Hence, a "debt collector" under the FDCPA is either (1) "a person" whose

business's "principal purpose" is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business).

The complaint puts each defendant on notice that they are sued as debt collectors in that each defendant was attempting to collect a "debt" (cmplt. ¶ 18, citing § 1692a(5) defn. consumer debt) and that each defendant is a debt collector within the meaning of the FDCPA (cmplt. ¶ 19, citing § 1692a defn. debt collector). The complaint then goes on to make detailed factual allegations which plausibly show that each defendant is a debt collector under the FDCPA. The complaint alleges that Bank of New York Mellon is a banking association and was assigned a beneficial interest in the deeds of trust (cmplt. ¶ 31), and that Western Progressive and Ocwen Loan Servicing are the successor beneficiaries under the deeds of trust (cmplt. ¶ 32, 33). At the time of the deeds of trust were transferred, assigned, or set over to the defendants, the loans secured by the deeds of trust were in default (cmplt, ¶ 36). Then Western Progressive sent several debt collection letters on behalf of itself and the other defendants requesting payment of $401,823.38 and providing a "debt validation"[2] notice, threatening to sell the property without any court action and warning: "We are attempting to collect a debt, and any information we obtain will be used for that purpose."[3] (cmplt. ¶ 38-40)

It is argued by the moving parties that Bank of New York Mellon as the assignee of the trust, does not fit within the definition of a debt collector under the FDCPA for any debts it is directly attempting to collect which are owed directly to it. However, the complaint does not allege that the debt sought in the letters is owed directly to Bank of New York Mellon. Although it is possible that Bank of New York Mellon

---

[2] The FDCPA requires a validation notice in an initial debt collection letter or that one be provided within 5-days thereafter. 15 U.S.C. § 1692g

[3] The FDCPA requires what is sometimes referred to as a mini-Miranda warning that a debt collection letter disclose to the consumer that the communication is from a debt collector. 15 U.S.C. § 1692e(11)

-4-

**Opposition to Motion to Dismiss Complaint**

was attempting to collect a debt for itself, it remains plausible that it had transferred its interest, or a part thereof, to an undisclosed third party which has yet to be recorded. The allegations in the complaint, accepted as true, make it plausible that Bank of New York Mellon was attempting to collect a debt on behalf of the other defendants or for some unidentified third party. To survive a motion to dismiss, the plaintiff is not required to specify each and every fact to be proven at trial—especially since any path the collected funds would travel as well as the contractual relationships between the parties and others naturally will be ascertained during the discovery process. Construing the allegations in favor of the nonmoving party, *Cahill*, 80 F.3d at 337-38, the court should find that the complaint adequately pleads that Bank of New York Mellon is a debt collector for purposes of the FDCPA.

Western Progressive and Ocwen Loan Servicing argue that as loan and mortgage servicers they are not debt collectors merely for servicing the loan. In support of their argument these defendants cite a slew of district court decisions in the 9th Circuit which have ruled that loan servicing, mortgage servicing, and non-judicial foreclosure is generally not "debt collection" under the FDCPA **where the loan was not in default when it was assigned to the loan servicer**. [Defts. Mtn. Dismiss, p. 3, line 17, *BAC Home Loans Servicing, LP* 2010 WL 2873253]. These cases rely on, or closely follow, the rationale set forth *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) states:

> The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*. See S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.News 1695, 1698. See also *Kizer v. Finance America Credit Corp.*, 454 F.Supp. 937, 939 (N.D.Miss.1978).

All of the cases cited by the defendants as well as *Perry* case demonstrate that the Western Progressive and Ocwen Loan Servicing are not exempted as debt collectors under the FDCPA because the complaint **alleges that the debt was in default at the time it was assigned for collection** (cmplt. ¶ 36). The complaint alleges that Western

Progressive and Ocwen Loan Servicing are debt collectors, and alleges that they sent debt collection letters and attempted to cloud the plaintiff's title to coerce her into paying a debt (cmplt. ¶ 38-40, 48).

Moreover, Delonay is the only "debtor" since he was the only signatory on the trust deeds. (cmpt. ¶ 27) Delonay's purported title to the property was adjudicated as void so neither the plaintiff nor her property are legally subject to the trust deeds. (cmplt. ¶ 27) Thus, at least as to the plaintiff, the defendants could not have been engaged in any statutorily-mandated for non-judicial foreclosures. They are debt collectors who engaged in debt collection activities against a non-mortgagor. Their debt collection letters falsely represented that the plaintiff had to pay off the (Delonay's) debt otherwise the (Plaintiff's) property would be sold (15 U.S.C. § 1692e(2)).

The complaint sets forth numerous violations of the FDCPA which are a result of the defendants attempting to collect a debt from a non-debtor (the plaintiff). Nothing in California law requires or permits the defendants to engage in non-judicial foreclosure against the plaintiff or her property under these circumstances. The debt collection letters and the recording of the assignment of the deed of trust each threatened or implied that the plaintiff's property would be sold without notice or foreclosed upon when the defendants had no right to right, title, or interest in the property and therefore had no legal basis upon which to make such threats or take such acts. (15 U.S.C. § 1692e(5)) Each of the acts described above violated FDCPA, 15 U.S.C. § 1692e(10) as being false or deceptive representations or means to collect or attempt to collect any debt. Each of the acts described above violated FDCPA, 15 U.S.C. § 1692f(1) as being unfair or unconscionable means to collect or attempt to collect any debt. Each of the acts described above violated FDCPA, 15 U.S.C. § 1692d which prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (Each of the above allegations are set forth in cmplt. ¶ 46) Thus, while the defendants

may argue that they were not engaged in debt collection activities recognized by the FDCPA, the facts alleged show differently.

## 2. Vicarious Liability for Debt Collection by Agent

Vicarious liability under the Act has similarly been restricted to principals who themselves are statutory "debt collectors." See, e.g., *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir.2000) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector' "); *Caron v. Charles E. Maxwell, P.C.*, 48 F.Supp.2d 932, 936 (D.Ariz.1999) The Ninth Circuit has determined that "general principles of agency ... form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir.2006) (citing *Newman v. Checkrite California*, 912 F.Supp. 1354, 1370 (E.D.Cal.1995)). To ascertain "general principles of agency," courts consult the Restatement (Second) of Agency. *See id.* (applying § 1 of the Restatement to determine whether an attorney could be held vicariously liable for the acts of a debt collector under the FDCPA and concluding that he could not because he did not exercise adequate control over the debt collector's conduct); *Newman*, 912 F.Supp. at 1370 n. 19 (noting that both federal and California courts rely on the Restatement to ascertain common-law principles of agency). Under the Restatement the defendants are agents of each other.

Courts routinely hold debt collectors vicariously liable under the FDCPA for the conduct of their attorneys in collecting debts on their behalf. *See, e.g., Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994) (holding a debt collector vicariously liable for an attorney's violation of the FDCPA venue provision); *Newman*, 912 F.Supp. at 1369-70 (rejecting defendants' argument that attorneys were only "independent contractors" but not "agents," and holding that a debt collector could be held vicariously liable for an attorney's acts in "facilitating the collection of

-7-

**Opposition to Motion to Dismiss Complaint**

amounts due [the debt collector] through use of the legal process"); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir.2000) (holding that an entity that is itself a "debt collector" and hence subject to the FDCPA should "bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"); *Caron v. Charles E. Maxwell, P.C.*, 48 F.Supp.2d 932, 936 (D.Ariz.1999) (recognizing that a client may be vicariously liable for his attorney's violations of the FDCPA if both the attorney and the client are "debt collectors" within the meaning of the statute); *First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo.App.1996) ("Federal courts that have considered the issue have held that the client of an attorney who is a 'debt collector' [under the Act] is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are [statutory] 'debt collectors' ..." (citation omitted)).

The complaint alleges that defendant Western Progressive "acting for itself and as agent for the co-defendants" sent the debt collection letters. (cmplt. ¶ 30-40) Each of the defendants are alleged to be debt collectors. (cmplt. ¶19) As a result, the defendants' argument that they are, as a matter of law, not debt collectors—lacks merit.

B. Defendants Engaged in Debt Collection under Rosenthal Act

Any creditor who attempts to collect a consumer debt from a California consumer likely qualifies as a "debt collector" under California's debt collection statute – the Rosenthal Act. See Cal. Civ. Code § 1788.2(c) ("debt collector" includes anyone "who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection"). The Rosenthal Act not only includes its own set of requirements regulating debt collection, but also incorporates by reference most of the requirements of the FDCPA. Cal. Civ. Code §1788.17.

Notably, the defendants do not argue that they are not debt collectors under the

-8-

**Opposition to Motion to Dismiss Complaint**

1 Rosenthal Act. Each FDCPA violation also violates the Rosenthal Act regardless of
2 whether the defendant is a creditor or third-party debt collector. Instead, the
3 defendants argue that they were engaged in non-judicial foreclosure and therefore are
4 not subject to the Rosenthal Act. However, as demonstrated above in the prior
5 section, starting at the bottom of page 8, the complaint sets forth numerous violations
6 of the FDCPA which are a result of the defendants attempting to collect a debt from a
7 non-debtor (the plaintiff).

### C. Unfair Business Practices Act

The defendants argue that plaintiff's Bus. & Prof. § 17200 claim is non-viable if the FDCPA and Rosenthal Act claims are dismissed. Suffice it to say that if these claims are not dismissed, then the § 17200 claim is viable.

### CONCLUSION

To sum it up, in deciding a Rule 12(b)(6) motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in favor of the nonmoving party. *See, e.g., Cahill*, 80 F.3d at 337-38. Because the complaint clearly alleges that each defendant is a "debt collector" as that term is defined in the FDCPA, each of the defendants' motion to dismiss on the ground that it is not a "debt collector" must be denied. Further, the complaint adequately pleads that neither she nor her property were a party to, or subject to, mortgage or the deed of trust. Accordingly, the court should deny the motion to dismiss in full. Should any portion of the motion to dismiss be granted, the plaintiff respectfully requests leave to amend.

Dated: July 5, 2015                           LAW OFFICE OF LOUIS P. DELL

*/s/ Louis P. Dell*
Louis P. Dell, Esq.
Attorney for Plaintiff,
MELODY L. COCHRAN

**Opposition to Motion to Dismiss Complaint**