E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Defendants' Motion to Dismiss [Dkt. 9]

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of and in opposition to this Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.    Background**

On October 21, 2003, Anthony H. Delonay ("Delonay") obtained a $312,000 loan secured by a Deed of Trust ("DOT") on real property located at 2235 Heather Way, Pomona, California 91767 (the "Property") from lender GreenPoint Mortgage Funding, Inc. ("GreenPoint"). (Compl. at ¶ 27; *see also* Defs.' RJN,[1] ("RJN") Ex. 1.) On April 28, 2012, GreenPoint executed an Assignment of Deed of Trust transferring all beneficial interest under the DOT to Defendant The Bank Of New York Mellon, As Successor To JPMorgan Chase Bank, As Trustee For Mastr Adjustable Rate Mortgages Trust 2003-6 Mortgage Pass-Through Certificates, Series 2003-6 (the "Trust").[2] (RJN, Ex. 4.) During the relevant period, Defendant Ocwen Loan Servicing, LLC ("Ocwen") acted as the servicer of the loan. (*See id.*, Exs. 5-6.) On July 6, 2014, Ocwen executed a Substitution of Trustee, substituting Defendant Western Progressive Trustee, LLC dba Western Progressive, LLC ("Western Progressive") as trustee under the DOT. (*Id.*, Ex. 5.) On September 10, 2014, Western Progressive recorded a Notice of Default

---

[1] Defendants request that we take judicial notice of six documents, including the judgment in and docket for a related state court suit and four public records relating to the Property. [Dkt. 10.] These documents are public records, which are generally appropriate for judicial notice, and Plaintiff does not object to Defendants' request. Moreover, we can properly take judicial notice of records in a related case. *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011). Accordingly, we **GRANT** Defendants' request.

[2] Plaintiff erroneously named the Trust as "The Bank of New York Mellon Trust Company, N.A." in this lawsuit. (*See* Mot. at 1.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

("NOD"), which stated that Delonay was in default in his loan in the amount of $401,765.38.[3] (*Id.*, Ex. 6.)

In or around September 2014, Plaintiff Melody L. Cochran ("Plaintiff") allegedly received at the Property a series of "collection letters," including (1) a "collection letter" addressed to her from Western Progressive which contained the NOD and a "Debt Validation" notice, which stated "[w]e are attempting to collect a debt, and any information we obtain will be used for that purpose" and (2) a "collection letter" addressed to Delonay from Western Progressive that contained a Notice of Trustee's Sale that "threatened to sell the property as early as December 30, 2014." (Compl. at ¶¶ 38-40.) On April 29, 2015, Plaintiff filed this action. [Dkt. 1.] Based on the foregoing, Plaintiff's Complaint asserts the following claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sections 1692, *et seq.*; (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code Sections 1788, *et seq.*; and (3) violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code Sections 17200, *et seq.* Defendants now move to dismiss Plaintiff's Complaint in its entirety. [Dkt. 9.]

**II.     Legal Standard[4]**

In order to survive a motion to dismiss, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 555, 570. In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Although our review under 12(b)(6) is generally limited to the contents of the complaint, we "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Such

---

[3] Plaintiff alleges that the amount due was $401,823.38 (*see* Compl. at ¶ 38), but this allegation is belied by the recorded NOD. (*See* RJN, Ex. 6.)

[4] Plaintiff argues that we should deny Defendants' Motion because it "fails to notify the plaintiff or the court whether it is made under Rule 12(b), its subparagraphs, or any other authority." (Opp'n at 1 n.1.) This is incorrect. Defendants' Motion clearly states that it "is made and based upon Federal Rule of Civil Procedure 12(b)(6) and on the grounds that the claims contained in Plaintiff's Complaint fails to state a claim upon which relief can be granted." (Mot. at 2.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

documents are treated as part of the complaint, and we may assume that their contents are true for purposes of the motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**III.     Analysis**

   **A.     FDCPA Claim**

To establish a FDCPA claim, Plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arose out of a transaction entered into for personal, family, or household purposes; (3) that Defendants are debt collectors within the meaning of 15 U.S.C. § 1692a(6); and (4) that Defendants violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *Ananiev v. Aurora Loan Servs., LLC*, 2012 WL 2838689, at *3 (N.D. Cal. July 10, 2012).

   **1.     Whether the Trust is a "Debt Collector" Under the FDCPA**

The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,"[5] and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendants argue that the Trust cannot be considered a "debt collector" under the FDCPA, because it is the beneficiary under the lien and "[a] creditor attempting to collect on debt it owns is not a debt collector." (Br. ISO Mot. ("Br.") at 3.) We agree, as the FDCPA defines a "debt collector" as someone who collects debts due to another. *See, e.g.*, *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("Further, a 'creditor'[6] is not a 'debt collector' under the FDCPA."); *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1202 (E.D. Cal. 2013) ("The complaint lacks a valid FDCPA claim . . . given that OneWest Bank, FSB is a creditor, not a debt collector."); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *7 n.2 (S.D. Cal. Oct.30, 2008) (concluding that the defendant was not a "debt collector" under the FDCPA because its "conduct was directed to colleting its own debts"); *Valdez v. America's Wholesale Lender*, 2009 WL 5114305, at *7-8 (N.D. Cal. Dec. 18, 2009) (same). Plaintiff argues that we should not dismiss her FDCPA claim against the Trust because "[a]though it is possible that [the Trust] was attempting to collect a debt for itself" it is also "plausible that [the Trust] was attempting to collect a debt on behalf of the other defendants or for some unidentified third party." (Opp'n at 5.) But, the recorded documents demonstrate that the Trust was the

---

[5] The Complaint does not plead facts from which we could infer that the principal purpose of any of the Defendants' businesses is the collection of debts. Instead, Plaintiff relies on the second definition of a "debt collector," i.e., that these Defendants regularly collect the debts "owed or due another."

[6] Under the FDCPA, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Plaintiff does not allege that GreenPoint transferred its interest in the loan to the Trust merely so the Trust could collect GreenPoint's debt. Instead, the public records demonstrate that in 2012, GreenPoint transferred "all beneficial interest" under the DOT, including "money due," to the Trust. (*See* RJN, Ex. 4.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

beneficiary under the loan at the time of the relevant communications. (*See* RJN, Ex. 6 (September 8, 2014 NOD listing the Trust as beneficiary).) Plaintiff's unsubstantiated conjecture that the Trust *may* have been attempting to collect the debt of another is insufficient to save her claim against the Trust.[7] Thus, Plaintiff's claim against the Trust is **hereby DISMISSED**.

        **2.    Whether Ocwen and Western Progressive are "Debt Collectors" Under the FDCPA**

Defendants first argue that as the mortgage servicer, Ocwen is categorically exempt from being considered a "debt collector" under the FDCPA. (*See* Br. at 3.) Problematically, as Plaintiff points out, the cases Defendants cite in support of this argument rely on the Section 1692a(6)(F)(iii) exception, which exempts from liability anyone "attempting to collect any debt owed or due or asserted to be owed or due another," but only if the "debt [] was not in default at the time it was obtained by such person." *See* 15 U.S.C. § 1692a(6)(F)(iii); *see also Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013) ("A debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer."); *Zhuravlev v. BAC Home Loans Servicing*, LP, 2010 WL 2873253, at *2 (N.D. Cal. July 20, 2010) (same).

Here, Plaintiff alleges that "[a]t the time [] the deeds of trust were transferred, assigned, or set over to the defendants, the loans secured by the deeds of trust were in default." (*See* Compl. at ¶ 36.) This allegation is plausible because, although the NOD was not recorded until September 2014, it states that payment was due on July 1, 2006. (*See* RJN, Ex. 6.) Other courts have found that the FDCPA's "legislative history is consistent with construing 'in default' to mean a debt that is at least delinquent, and sometimes more than overdue." *See, e.g., De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1075 (9th Cir. 2011); *see also Natividad*, 2013 WL 2299601, at *4 ("Given that mere overdue payments may constitute a debt that is 'in default,' the Court concludes that First American has not met its burden on its motion to dismiss to show that the Plaintiffs' debt was not in default."); *Tirabassi v. Chase Home Fin., LLC*, 2015 WL 1402016, at *8 (C.D. Cal. Mar. 24, 2015) (concluding that a servicer did not fall into the exemption when the "Defendants treated [the] Plaintiff's loan as if it were in default from the time they acquired or began to service the loan"). While it is unclear exactly when Ocwen began to service Plaintiff's loan, it is clear that (1) Ocwen is the Trust's servicer and (2) the Trust took possession of the lien in April 2012, well after the loan amount became due. (RJN, Ex. 4.) Defendants' Reply does not respond to Plaintiff's allegation that the loan was in default at the time Ocwen became involved.

---

[7] Plaintiff also argues that the Trust should be held responsible for Western Progressive's conduct in sending her the purported debt collection letters under the principles of vicarious liability. (*See* Opp'n at 7-8.) This argument is meritless. First, as Plaintiff herself acknowledges, the cases she cites merely stand for the proposition that "*debt collectors* [are] vicariously liable under the FDCPA for the conduct of their attorneys [or agents] in collecting debts on their behalf." (*See* Opp'n at 7 (emphasis added).) Plaintiff has not sufficiently alleged that the Trust is a debt collector under the statute. Second, as discussed below, Western Progressive's conduct does not qualify as "debt collection" under the FDCPA. Third, the Complaint includes no allegations that support such a theory of liability, beyond the conclusory allegation that Western Progressive was "acting for itself and as agent for the co-defendants" when it sent the letters in question. (*See* Compl. at ¶¶ 38-39.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

Thus, we have no choice but to conclude that Ocwen does not qualify for the Section 1692a(6)(F)(iii) exemption.

Defendants' second argument as to why we should dismiss both Ocwen and Western Progressive is more persuasive. As Defendants argue, the conduct that Plaintiff complains of was "required by California's comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."[8] (*See* Mot. at 4.) Specifically, the communications that Plaintiff deems "collection letters" were, in fact, the NOD, a Notice of Trustee's Sale, and a corresponding "Debt Validation" notice, which all relate to the impending foreclosure of the Property. *See Beckner v. ReconTrust Co., N.A.*, 12-cv-3379-GHK (FFMx), at 4 (C.D. Cal. Oct. 15, 2012) (concluding that a "dunning letter," NOD, "Payoff Demand Letter," and "debt validation demand letters," all "sent throughout 2011," were "foreclosure collection activities"). The majority of courts in the Ninth Circuit have concluded "that legally-mandated actions required for mortgage foreclosure are not [] debt collection" under the FDCPA.[9] *See, e.g.*, *Natividad*, 2013 WL 2299601, at *9 (listing cases); *Ananiev*, 2012 WL 2838689, at *3; *Aniel v. T.D. Serv.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010); *Gallegos v. Recontrust Co.*, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

These courts have followed the rationale of *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), which explained that:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

---

[8] Defendants also argue that these communications are not actionable because they fall under the California litigation privilege. (*See* Br. at 4 (citing California Civil Code § 2924(d), which states that "the mailing, publication, and delivery of [foreclosure] notices" constitutes "privileged communication").) But, many courts have rejected similar arguments, stating that the FDCPA preempts any such litigation privilege. *See, e.g.*, *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1098 (C.D. Cal. 2006) (stating it is "well settled that the California litigation privilege does not apply to federal causes of action, including FDCPA claims"); *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 937 n.5 (N.D. Cal. 2013) (same); *Selby v. Bank of Am., Inc.*, 2010 WL 4347629, at *2 n.1 (S.D. Cal. Oct. 27, 2010) ("A state litigation privilege, however, does not defeat a federal cause of action.").

[9] We have also concluded as such on several occasions. *See e.g.*, *Nguyen v. Wells Fargo Bank N.A.*, 14-7510-GHK (RZx), at 10 (C.D. Cal. Feb. 18, 2015); *Gutierrez v. U.S. Bank, NA, et al.*, CV 12-4713-GHK (PLAx), 2013 WL 399140, at *4 (C.D. Cal. Feb. 1, 2013) (citing *Hulse*); *David Grabhorn v. HSBC Bank USA, et al.*, 12-cv-8540-GHK (SHx), at 9 (C.D. Cal. Jan. 10, 2013); *Beckner*, 12-cv-3379-GHK (FFMx), at 4.

Case 2:15-cv-03209-GHK-JC   Document 14   Filed 07/29/15   Page 6 of 7   Page ID #:134

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

> In other words, when it forecloses on a property, the trustee is merely exercising its power of sale under the DOT "after a breach of the obligation for which the transfer in trust of the interest in real property is security"; the trustee is not attempting to collect funds from the debtor to enforce the obligation.

*Id.* Because Plaintiff failed to allege that Western Progressive's and Ocwen's actions went beyond those required for a non-judicial foreclosure,[10] Plaintiff's FDCPA claim against them is **DISMISSED**.

### B. RFDCPA Claim

Plaintiff's RFDCPA claim relies on an alleged violation of the FDCPA, as the RFDCPA largely incorporates the FDCPA's requirements by reference. (*See* Compl. at ¶ 51 ("Because each of the above actions violated the language [of] the FDCPA, the each defendant's [sic] actions also violated Cal. Civ. Code § 1788.17 as it incorporates the FDCPA."); *see also* Opp'n at 8-9 (arguing her RFDCPA claim should survive dismissal because "the complaint sets forth numerous violations of the FDCPA").) Therefore, here, "whether [a debt collection practice] violates the [RFDCPA] turns on whether it violates the FDCPA. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also Herrera v. LCS Fin. Servs. Corp.*, 2009 WL 5062192, at *2 (N.D. Cal. Dec. 22, 2009) ("For practical purposes, the standards governing Herrera's state and federal claims are indistinguishable because the state cause of action alleges only violations of the federal FDCPA as incorporated into the Rosenthal Act."). Because Plaintiff failed to properly plead an FDCPA claim, her RFDCPA claim based on Defendants' foreclosure-related activities fails as well, and is **DISMISSED**. *See Izenberg*, 589 F. Supp. 2d at 1199 ("[F]oreclosure does not constitute debt collection under the RFDCPA."); *Moriarity v. Nationstar Mort., LLC*, 2013 WL 3354448, at *5 (E.D. Cal. July 3, 2013) ("California courts are now in consensus with *Hulse* that foreclosure is not a debt collection under the RFDCPA."); *Collins v. Power Default Servs., Inc.*, 2010 WL 234902, at *3 (N.D. Cal. Jan. 14, 2010) (collecting cases and stating "[t]he law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA"); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1054-55 (E.D. Cal. 2009) ("Although plaintiff's claim is formally based on the 'threat' to foreclose rather than foreclosure itself, the [RFDCPA] . . . does not prohibit a creditor from honestly representing that he can and will foreclose.").

### C. UCL Claim

The UCL broadly prohibits unlawful, unfair, and fraudulent business acts. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Unlawful business practices are "anything that can properly be called a business practice and that at the same time is forbidden by law." *Nat'l Rural*

---

[10] This is true even though the "Debt Validation" notice included language that arguably indicated otherwise, namely that Defendants were "attempting to collect a debt, and any information [they] obtain[ed would] be used for that purpose." *See Natividad*, 2013 WL 2299601, at *9 (concluding a NOD was merely a "statutorily required [foreclosure] communication" and not "debt collection activity" even though it stated that the defendant "MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE").

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3209-GHK (JCx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Melody L. Cochran v. The Bank of New York Mellon Trust Company N.A., et al.* | | |

*Telecommc'ns Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003). In other words, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996). An unfair business practice is one "that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Finally, fraudulent business practices are ones where members of the public are likely to be deceived. *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 214 (1983).

Plaintiff's UCL claim is based entirely on Defendants' alleged violations of the FDCPA and RFDCPA. (*See* Compl. at ¶ 58 ("Each defendant's unlawful, unfair, and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to violating FDCPA, 15 U.S.C. § 1692 et seq. and the California Rosenthal Act, Cal. Civ. Code § 1788 *et. seq.*").) Because Plaintiff has not adequately alleged a violation of those laws, her UCL claim is **DISMISSED**.

**IV. Conclusion**

Based on the foregoing, we **DISMISS** Plaintiff's Complaint in its entirety. Our dismissal is **without leave to amend**, as the allegations in Plaintiff's Complaint are solely based upon Ocwen and Western Progressive's non-judicial foreclosure attempts and the Trust's actions as a creditor, neither of which qualifies as "debt collection" under the FDCPA. *Cf. Gutierrez*, 2013 WL 399140, at *4 (dismissing without leave to amend in part because "a foreclosure action [does not] constitute[] 'debt collection' under the FDCPA"); *Grabhorn*, 12-cv-8540-GHK (SHx), at 9 (same); *Beckner*, 12-cv-3379-GHK (FFMx), at 4 (same); *Aniel*, 2010 WL 3154087, at *1 ("Because Plaintiffs have not, and based on the allegations in the Complaint could not, state a viable claim under the FDCPA [based on their non-judicial foreclosure], that claim is dismissed with prejudice."); *Valdez*, 2009 WL 5114305, at *8 (dismissing FDCPA claim against creditor without leave to amend).

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk      Bea